# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| MARK T. MOORE, | * |
| | *   No. 18-1317V |
| Petitioner, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: January 26, 2022 |
| | * |
| SECRETARY OF HEALTH | *   Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * *

Leah V. Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner;
Christine M. Becer, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Mark Moore's motion for final attorneys' fees and costs. He is awarded **$37,277.59**.

\*   \*   \*

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On August 28, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the tetanus-diphtheria-acellular pertussis vaccine he received on August 9, 2017, caused him to suffer Guillain-Barré syndrome. On September 23, 2020, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2020 WL 6146045.

On April 1, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $36,153.10 and attorneys' costs of $2,932.14 for a total request of $39,085.24. Fees App. at 1. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On April 15, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on April 15, 2021, reiterating his belief that the requested fees and costs are reasonable.

*   *   *

In this case, because petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A. <u>Reasonable Hourly Rates</u>

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Leah Durant, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, and $420.00 per hour for work performed in 2021; and for Ms. Summer Abel, $250.00 per hour for work performed in 2019 and $260.00 per hour for work performed in 2020. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and shall be awarded herein. See, e.g., Culp v. Sec'y of Health & Human Servs., No. 18-1315V, 2020 WL 4199040, at *2 (Fed. Cl. Spec. Mstr. Apr. 24, 2020).

B. <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and, on the whole, the billed hours are reasonable. However, there is a general issue of vagueness throughout many of the descriptions of work. Examples include the following billing entries: on July 1, 2018, Ms. Durant billed 1.5 hours to "Review key records/facts. Update medical chronology." Fees App. Ex. 1 at 2. It would be helpful to the undersigned if the billing entry described which particular records and facts were being reviewed. On 10/10/18, Ms. Durant billed 3.0 hours to "Coordinate with client. Devise damages strategy. Issue correspondence (substantial). Evaluate documents (voluminous)." Id. at 3. It would be more helpful

3

if such an entry described the nature of the correspondence (and who it was to), what issues of the damages strategy were being considered at this time, and what particular documents were evaluated. On 11/12/19, Ms. Abel billed 2.5 hours to "Coordinate with client. Devise damages strategy. Issue detailed (long) correspondence. Evaluate documents provided by client." Id. at 5.  Such an entry should describe the nature of the correspondence and what documents were provided by the client that relate to the damages strategy. On 5/4/20, Ms. Abel billed 2.5 hours to "Conduct legal research. Draft memorandum and evaluate results. Coordinate with LVD. Devise next steps" without describing what Ms. Abel was researching, what the results were, and what the next steps discussed might be.

These examples are merely illustrative of a general pattern of vagueness when referring to communication with the client or the nature of case work being performed. Accordingly, the undersigned finds that a five percent reduction to the attorneys' fees is necessary to achieve "rough justice.' See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). Accordingly, petitioner is awarded final attorneys' fees of $34,345.45.

    C.    <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $2,932.14 in attorneys' costs. This amount is for acquisition of medical records, professional review of those records, the Court's filing fee, and postage. Fees App. Ex. 2, at 2. Petitioner has provided adequate documentation supporting the requested costs and they appear reasonable in the undersigned's experience. Petitioner is therefore awarded the full amount of costs sought.

    D.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$37,277.59** (representing $34,345.45 in attorneys' fees and $2,932.14 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Ms. Leah Durant.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>Christian J. Moran<br>Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.